# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GAVIN B. DAVIS,<br><br>                    Petitioner,<br><br>v.<br><br>STATE OF CALIFORNIA,<br><br>                    Respondent. | Case No.: 18cv1382 MMA (PCL)<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE AND WITH LEAVE TO AMEND** |

On June 22, 2018, Petitioner, proceeding pro se, paid the $5.00 filing fee and submitted a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

## ABSTENTION

The Petition must be dismissed because this Court is barred from consideration of the claims by the abstention doctrine announced in *Younger v. Harris*, 401 U.S. 37 (1971). Under *Younger*, federal courts may not interfere with ongoing state criminal proceedings absent extraordinary circumstances. *Id*. at 45-46; *see Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982) (Younger "espouse[d] a strong federal policy against federal-court interference with pending state judicial proceedings.") These concerns are particularly important in the habeas context where a state prisoner's conviction may be reversed on appeal, thereby rendering the federal issue moot. *Sherwood v. Tompkins*, 716 F.2d 632, 634 (9th Cir. 1983).

Absent extraordinary circumstances, abstention under *Younger* is required when: (1) state judicial proceedings are ongoing; (2) the state proceedings involve important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal issue. *Columbia Basin Apartment Ass'n v. City of Pasco*, 268 F.3d 791, 799 (9th Cir. 2001). All three of these criteria are satisfied here. Petitioner states that on June 7, 2018, he entered into a plea bargain in criminal proceedings. (*Id.* at 12.) Though not entirely clear, it appears that Petitioner was sentenced to probation. (*See id.* at 19.) Petitioner states the day after his guilty plea, he moved to withdraw his plea. The trial court denied the motion. Petitioner states that he then filed a notice of appeal on June 8, 2018. (*Id.* at 12.) It appears that appeal is currently pending. As such, Petitioner's criminal case is still ongoing in the state courts. Further, there is no question that the state criminal proceedings involve important state interests. Also, Petitioner offers nothing to support a contention that the state courts do not provide him an adequate opportunity to raise his claims, and this Court specifically rejects such an argument.

Finally, Petitioner has failed to show that he has not been afforded an adequate opportunity to raise the federal issues on direct appeal. Petitioner offers nothing to support a contention that the state courts do not provide him an adequate opportunity to raise his claims, and this Court specifically rejects such an argument. Abstention is therefore required. *See Huffman v. Pursue, Ltd.*, 420 U.S. 592, 608 (1975) (*Younger* applies to state appellate proceedings as well as ongoing proceedings in state trial court); *see also Drury v. Cox*, 457 F.2d 764, 764-65 (9th Cir. 1972) ("[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from that the case concluded in the state courts.")

## FAILURE TO EXHAUST STATE COURT REMEDIES

In addition, the Petition is subject to dismissal for failure to allege exhaustion of state judicial remedies. Habeas petitioners who wish to challenge either their conviction or the length of their confinement, must first exhaust state judicial remedies. 28 U.S.C.

§ 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. 28 U.S.C. § 2254(b), (c); *Granberry*, 481 U.S. at 133-34.

Petitioner indicates that he filed a notice of appeal on June 8, 2018, which is apparently still pending. (Pet. at 12.) Because the appeal is still pending in state court, Petitioner has not alleged exhaustion of state court remedies. *See* 28 U.S.C. § 2254(b) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that - (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant."); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (holding that the exhaustion doctrine is designed to give state court the first opportunity to pass upon alleged violations of state prisoner's federal rights); *Hendricks v. Zenon*, 993 F.2d 664, 672 (9th Cir. 1993) (recognizing that the exhaustion doctrine is essentially a matter of federalism and comity which can be excused only "in rare cases where exceptional circumstances of peculiar urgency are shown to exist."), quoting *Granberry*, 481 U.S. at 134. Because Petitioner has failed to allege exhaustion as to the only claim presented in the Petition, the Petition is subject to dismissal without prejudice. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("Once a district court determines that a habeas petition contains only unexhausted claims, it need not inquire further into the petitioner's intentions. Instead, it may simply dismiss the habeas petition for failure to exhaust."), citing *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001).

## CONCLUSION

Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, 28

U.S.C. foll. § 2254.  Here, it is plain from the Petition that Petitioner is not presently entitled to federal habeas relief based on abstention grounds and because he has not alleged exhaustion of state court remedies.  Based on the foregoing, the Court **DISMISSES** the case without prejudice.

**IT IS SO ORDERED.**

Dated:  July 24, 2018

Hon. Michael M. Anello
United States District Judge